# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, an Iowa corporation;<br><br>Plaintiff,<br><br>vs.<br><br>HERBEK CONSTRUCTION, LLC, a Nebraska limited liability company; and HERBEK & BASSETT CONSTRUCTION, LLC, a Nebraska limited liability company;<br><br>Defendants. | 8:16CV353<br><br>**SECOND AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE** |

This matter is before the Court on the Joint Motion of the parties to Extend Progression Deadlines. (Filing No. 60.)

Accordingly, the final schedule for progression shall be as follows:

**IT IS ORDERED** that the provisions of the court's earlier, initial progression order remain in effect, and in addition to those provisions, the following shall apply:

1. **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **July 6, 2018**. *See* NECivR 56.1 and NECivR 7.1.

2. **Discovery Deadlines:**

   a. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **June 28, 2018**.

   b. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **May 30, 2018**. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion**.

   c. **Discovery Motions.** Discovery motions shall be filed not later than **April 26, 2018,** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.1(i). Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.

3. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall identify expert witnesses by **February 28, 2018** and shall serve expert reports by **February 28, 2018**. Each defendant, counter-defendant, and cross-defendant shall identify expert witnesses by **April 12, 2018**, and serve expert reports by **April 12, 2018**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **April 26, 2018**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

4. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

   a. **Nonexpert Witnesses - On or before October 9, 2018:** The name, address and telephone number[2] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   b. **Deposition Testimony and Discovery** - The designation of discovery testimony and discovery responses intended to be utilized at trial is not required at this time.

   c. **Trial Exhibits - On or before October 9, 2018:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

   d. **Waiver of Objections.** Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid.

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

[2] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or ***documents filed with the court***, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. See NECivR 5.3.

402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

5. **Motions in Limine.**

    a. Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **July 12, 2018**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

    b. Any other motions in limine shall be filed on or before **September 27, 2018**.

6. The **Final Pretrial Conference** with the assigned magistrate judge is set for **November 5, 2018 at 10:00 a.m.** in chambers, 111 South 18th Plaza, Suite 2271, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[3] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

7. **Mediation and Settlement:**

    a. If the parties intend to mediate their dispute, **notice of the mediation** shall be given to the staff of the assigned magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

    b. Not later than **two weeks prior to trial**, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement

---

[3] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. See NECivR 5.3.

proposal. Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

   c. **Notice of settlement** shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and normally will – be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

8. **A seven (7) day Jury trial** is set to commence, at the court's call, during the week of **November 26, 2018** in Omaha, Nebraska, before the **Honorable Joseph F. Bataillon**, United States District Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial.

9. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 4th day of December, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge